MATTER OF N—

In DEPORTATION Proceedings

A–12281979

*Decided by Board March 13, 1962*

**Adjustment of status—Section 245, Immigration and Nationality Act—Effect of savings clause, Federal Register of December 19, 1961.**

Denial on October 23, 1961, by the district director of an application for adjustment of status under section 245 of the Act became final when applicant failed to appeal therefrom. Such application may not be renewed before, or considered by, a special inquiry officer in deportation proceedings under regulations effective January 22, 1962, in the absence of new evidence which could not have been discovered and presented for consideration at the time of the prior adjudication (Par. preceding 8 CFR 103, 26 F.R. 12111, December 19, 1961).

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer than permitted after nonimmigrant admission (temporary visitor).

**BEFORE THE BOARD**

**DISCUSSION:** This is an appeal from the order of the special inquiry officer finding respondent deportable upon the ground stated above and granting her voluntary departure. Briefs have been filed by counsel for respondent and by the examining officer. The appeal will be dismissed.

Respondent, a 55-year-old single female, a native and citizen of Germany, was admitted to the United States as a visitor for pleasure on July 7, 1961. Her stay was extended to September 6, 1961. She failed to depart within the period for which she had been admitted and is clearly deportable upon the ground stated above.

Counsel contends that there was a denial of due process at the deportation hearing in that an unqualified interpreter was used in the deportation hearing. The record reveals that at the respondent's hearing on January 2, 1962, she was advised that an official German interpreter (who is elsewhere shown to be J—U—) would translate all questions and matters and that if she did not understand him she was to advise the special inquiry officer (p. 2, hear-

581

ing January 2, 1962). The same interpreter was used at the continued hearing on January 5, 1962. After several questions were addressed to the respondent which were apparently answered responsively, counsel objected to the use of the interpreter on the ground that he did not believe a proper interpretation was being given. The special inquiry officer asked the interpreter whether he understood the respondent and whether the respondent understood him and the interpreter replied that he was satisfied that this was the case. The objection of counsel was overruled and nothing further appears in the record concerning the nature of the interpretation. Attached to the appeal is an affidavit from the respondent's nephew stating that he was present at the hearing; that he is well qualified in the German language; that numerous questions and answers were incorrectly interpreted; and that it is his belief that the interpreter was not competent. No specific instance of misinterpretation is set forth. No possible defense to the deportation proceeding based upon what the respondent "intended" to say is offered, nor is any ground given for finding respondent is not deportable. Respondent's testimony at the hearing is consistent with her affidavit made before the Service using a different interpreter on December 14, 1961. We believe the contention is without merit.

Counsel contends that respondent was not given adequate notice of the deportation hearing. The order to show cause was served on December 26, 1961; counsel received a copy the following day. Hearing was scheduled for January 2, 1962, and adjourned until January 5, 1962, to enable counsel to be present. At the hearing on January 5, 1962, the special inquiry officer offered counsel an opportunity to consult with his client for several hours before proceeding with the case if counsel felt it was advisable, but the offer was refused. We believe the record establishes that respondent and counsel had adequate notice of the deportation hearing. Moreover, as the examining officer points out, counsel had represented respondent before the Service since prior to October 23, 1961.

Counsel contends that there was a denial of due process in that respondent was not granted a continuance to prepare a defense and to prepare application for discretionary relief. Since it is apparent from this record that the respondent who was admitted as a visitor has remained longer than the time which was granted, it is difficult to see what kind of defense could have been offered had more time been made available and, in fact, at this late date counsel offers nothing to show that a possible defense exists. The facts previously outlined concerning the notice given respondent and opportunities for presenting a defense adequately dispose of the contention that she was not given an adequate opportunity to prepare a defense.

We find no denial of due process in failure to grant a continuance for respondent to prepare an application for discretionary relief. At the time of the hearing on January 5, 1962, counsel moved for a continuance to January 22, 1962, or sometime thereafter when new regulations would become effective which, in his opinion, would have enabled the respondent to make an application for adjustment of status under section 245 of the Immigration and Nationality Act (8 U.S.C. 1255) or section 243(h) of the Immigration and Nationality Act (8 U.S.C. 1253), and for voluntary departure. The examining officer objected to a continuance on the ground that relief under section 245 had already been applied for and denied (October 23, 1961) and that no appeal was taken from such denial although one could have been taken (within 15 days). (Counsel explains that no appeal was taken because of his belief that under the new regulations he would have an opportunity to obtain a new consideration of the application with an appeal to the Board rather than to a representative of the Service.)

Failure to appeal from the denial of the application under section 245 in the hope that respondent would be able to make a new application for such relief before a special inquiry officer with an appeal to the Board under the preliminary proposals published in Volume 26 of the Federal Register, pages 9858–9860, was not justified by anything expressed in the proposals, nor did the proposals carry the implication that such relief would be available. The purpose of the new regulations was not to provide an additional review of a decision denying an application under section 245 but to substitute review by the Board for review by the regional commissioner. Respondent could have had review of the denial by the regional commissioner. On January 5, 1962, when the motion for continuance was made, it was quite clear from the regulations which were to become effective on January 22, 1962, that an alien who had obtained a final decision on an application under section 245 of the Act would not be entitled to a hearing upon a new application and would not be entitled to reconsideration of the application which had been denied, in the absence of proof to the Board that the alien was in possession of evidence which was material and which by due diligence could not have been discovered and presented for consideration at the time of the prior adjudication (par. preceding 8 CFR 103, 26 F.R. 12111, December 19, 1961). Respondent's failure to seek review by the regional commissioner neither gives him the right to obtain review by this Board nor the right to have a *de novo* hearing upon his application. The decision of the district director achieved finality before January 22, 1962. It became the decision of the Board and will not be reconsidered in the absence of proof that reconsideration is required because

there exists evidence which is material and was not available and could not have been discovered or presented at the prior hearing (8 CFR 3.2, 27 F.R. 96-7, January 5, 1962). As to other discretionary relief, the application for voluntary departure made at the hearing has been granted. The appeal reveals no desire to file an application for relief under section 243(h) of the Act. However, we shall permit such an application to be filed at a reopened hearing, if request is made for such action within seven days after the date of this order. This action is not to be taken as an expression of opinion as to the desirability of filing such an application nor as an expression of opinion upon the merits of an application if one is filed. The action is taken solely as an administrative measure of an impersonal nature to provide a procedure for application for relief without the necessity of having an application for this purpose made to the Board.

We find no necessity for going into the issue of the voluntariness of the nature of Communist Party membership respondent had in Germany since deportation is not sought upon this ground and the Service does not oppose the grant of voluntary departure.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

*It is further ordered* that upon request made to the special inquiry officer within seven days of the date of this order, he shall reopen proceedings solely to provide respondent an opportunity to file an application for relief under section 243(h) of the Act and the special inquiry officer shall thereafter take such further action as he may deem appropriate.