MATTER OF VERGARA

In Deportation Proceedings

A-20527143

*Decided by Board July 15, 1975*

The immigration judge's refusal to issue a subpoena requiring respondent's father to testify in conjunction with a claim to United States citizenship which she began to explore during the course of deportation proceedings, did not result in a denial of due process since the whereabouts of the father was unknown and there was considerable uncertainty as to obtaining his testimony at all, and the issuance of the subpoena would require a further substantial delay in the proceedings which was unjustified in view of respondent's failure to obtain necessary evidence during an earlier adjournment of three and one-half months. Further, there has been no showing that the testimony of the respondent's father was "essential" within the meaning of 8 CFR 287.4(a)(2), because respondent had failed in other respects to present a substantial claim to derivative citizenship.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under section 212(a)(20)—immigrant without visa.

ON BEHALF OF RESPONDENT: Williard Hastings, Jr., Esquire
906 Garden Street
Santa Barbara, California 93101

In a decision dated December 3, 1973, the immigration judge found the respondent deportable, but granted her the privilege of voluntary departure. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a native of Mexico who entered the United States in May of 1973. The Service has alleged that she is deportable under section 241(a)(1) of the Immigration and Nationality Act as an alien who was excludable at entry under section 212(a)(20). The respondent contests deportability.

The respondent contends that she was denied due process at her hearing because the immigration judge refused to issue a subpoena requiring the respondent's father to testify. The respondent sought the testimony of her father in conjunction with a claim to United States citizenship which she evidently began to explore during the course of

388

these proceedings. Our review of the record, however, convinces us that the immigration judge properly refused to issue the subpoena.

The hearing in the respondent's case was commenced on August 13, 1973. The respondent was then represented by a person described in the transcript as a "friend" (Tr. p. 1). At that hearing, the respondent admitted that she was not a citizen or national of the United States, and that she was a native and citizen of Mexico (Tr. pp. 1–2).

However, during the Service's cross-examination of the respondent on her application for voluntary departure, the respondent indicated that her father had been born in the United States (Tr. p. 6). The immigration judge then began questioning the respondent with regard to the possibility that the respondent might have derived United States citizenship through her father. According to the respondent, her father had lived in the United States as a child, and had returned to the United States for at least two years prior to the respondent's birth in 1955 (Tr. pp. 7–8; 8–9).

Any possible claim to derivative citizenship which the respondent may have would appear to be based on section 301(a)(7) of the Act. One of the requirements of section 301(a)(7) is that the parent, through whom citizenship is derived, have been physically present in the United States for a total period of at least ten years prior to the birth of the child, and that five of those years were after the parent reached the age of fourteen. The respondent did not have precise information regarding her father's periods of residence in the United States, and her own testimony failed to set forth the essential elements of a claim to derivative citizenship. The immigration judge, however, granted an adjournment in order to permit the respondent the opportunity to gather evidence in support of her claim.

The hearing was resumed approximately three and one half months later on December 3, 1973. At that time the respondent presented only a birth certificate evidently relating to her father in support of her claim to derivative citizenship. She did not produce any documentary evidence relating either to her own birth or to her parents' marriage. However, counsel, who apparently entered the case during the adjournment, requested that a subpoena be issued directing the respondent's father to testify.

It appears that the respondent's father is a migrant worker who makes a permanent home in Mexico, but who works a substantial part of the year at various locations in the United States. The respondent had been unable to ascertain the whereabouts of her father, but she suspected that he would be working certain fields in California within approximately four months of the December 1973 hearing.

The immigration judge refused to issue the subpoena on the grounds that it was not sufficiently shown that the respondent's father could be

located, and that the issuance of the subpoena would require a second substantial delay in the proceedings which was not warranted in view of the lack of documentation which had been obtained during the earlier adjournment.

We agree with the immigration judge. The whereabouts of the witness was unknown, and the respondent had already failed to obtain needed evidence after a delay of three and one half months. Cf. *Matter of Athanasopoulos*, 13 I. & N. Dec. 827 (BIA 1971). A further substantial delay in the proceedings was not justified. There had been no showing that the testimony of the respondent's father was "essential" within the meaning of 8 CFR 287.4(a)(2) because the respondent had failed in other respects to present a substantial claim to derivate citizenship. In addition, there was considerable uncertainty in obtaining the father's testimony at all.

We also note that a substantial period of time has elapsed since the immigration judge's decision. The respondent, however, has not presented anything further with respect to her claim to derivative citizenship. Even at this time, there is no greater assurance that a remand and an issuance of a subpoena would accomplish the desired purpose of securing the testimony of the respondent's father. There has been no denial of due process in these proceedings.

The respondent conceded alienage during the course of the hearing. Furthermore, having admitted birth in foreign country, she is presumed to be an alien and bears the burden of going forward with the evidence to establish her claim to United States citizenship. *Matter of Ponco*, 15 I. & N. Dec. 120 (BIA 1974); *Matter of Tijerina-Villarreal*, 13 I. & N. Dec. 327 (BIA 1969); *Matter of A-M-*, 7 I. & N. Dec. 332 (BIA 1956). The respondent has not rebutted the presumption. She is an alien.

The respondent also contends that she is not deportable on the charge specified in the order to show cause by virtue of section 241(f) of the Immigration and Nationality Act. However, in *Matter of Montemayor*, 15 I. & N. Dec. 353 (BIA 1975), we held that the construction of section 241(f) adopted by the Supreme Court in *Reid* v. *INS*, 420 U.S. 619, 95 S. Ct. 1164 (1975), precludes the application of section 241(f) to a section 212(a)(20). This is the precise charge against the respondent.

The respondent's claim that her deportation would deprive her citizen child of constitutional rights is similarly without merit. *Aalund* v. *Marshall*, 461 F.2d 710 (C.A. 5, 1972); *Perdido* v. *INS*, 420 F.2d 1179 (C.A. 5, 1969); *Mendez* v. *Major*, 340 F.2d 128 (C.A. 8, 1965); *Matter of Anaya*, 14 I. & N. Dec. 488 (BIA 1973); see *Encisco-Cardozo* v. *INS*, 504 F.2d 1252 (C.A. 2, 1974); *Faustino* v. *INS*, 432 F.2d 429 (C.A. 2, 1970), cert. denied, 401 U.S. 921 (1971).

The respondent conceded the factual allegations contained in the order to show cause. Deportability has been established by clear, con-

incing, and unequivocal evidence. The decision of the immigration udge was correct.

ORDER: The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily vithin 31 days from the date of this order or any extension beyond that ime as may be granted by the district director; and in the event of ailure so to depart, the respondent shall be deported as provided in the mmigration judge's order.