Celestino SILVA–CALDERON,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–73474.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2004.*

Filed Feb. 23, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Timothy M. Greene, Puyallup, WA, for the petitioner.

Patricia L. Buchanan, U.S. Department of Justice, Civil Division, Washington, DC, for the respondent.

Before: D.W. NELSON, FISHER, and GOULD, Circuit Judges.

GOULD, Circuit Judge:

We consider whether we have jurisdiction to review procedural due process claims that the Board of Immigration Appeals ("BIA") could have competently and effectively considered, but that Petitioner advances for the first time on appeal.

## I

Petitioner Celestino Silva–Calderon ("Silva") asks us to review the BIA's denial of his application for cancellation of removal. Silva urges that a hearing before the Immigration Judge ("IJ") offended due process and denied him a full and fair hearing because the IJ declined to grant a continuance, and because the IJ declined to issue a subpoena to a witness who had provided an affidavit.

The BIA's decision affirming denial of cancellation of removal was based on the IJ's finding that Silva had not demonstrated that his six-year-old daughter—an American citizen with eyesight problems and delays in her development—would experience the "exceptional and extremely unusual" hardship required for cancellation of Silva's removal pursuant to 8 U.S.C. § 1229b(b), INA § 240A(b).

The IJ did not continue the case at the end of the merits hearing because he reasoned that Silva's counsel should have gathered any outstanding information before the hearing date, which was set several days in advance.[1] As for the IJ's decision not to subpoena the teacher, the IJ had said that he accepted the teacher's affidavit as in good faith and did not think the teacher had more to say beyond what she had already proffered in the affidavit.[2] After the IJ's ruling on the subpoena,

---

1. The IJ also reminded Silva's counsel that he had assigned a low bond to Silva, in order to give Silva the mobility to assist his attorneys in obtaining the proper materials to present his case. Further, the parties had mutually agreed to an October 25, 1999 hearing date that the IJ later continued, again with both parties' agreement, to November 2, 1999.

2. The IJ said, "It doesn't appear that this teacher has anything dramatic to address with regard to [Silva's daughter's] developmental needs, and the situation seems to be that an affidavit from [the teacher] would be entirely appropriate because affidavits are admissible in these proceedings."

counsel for Silva said, "That will work, Your Honor."

The IJ ruled against Silva on cancellation of removal, finding that Silva's proof of the required element of "extreme and unusual hardship" was inadequate. Silva then filed a notice of appeal to the BIA. The appeal form required that an appellant state in detail the "factual or legal basis for the appeal" (or otherwise risk summary dismissal). Silva alleged:

> The Immigration Judge erred in not granting the requested relief. The [I]mmigration Judge abused his discretion and committed errors at law by not considering and properly weighing the unusual and outstanding equities involved in the Respondent's case. The Immigrant Judge abused his discretion and committed errors at law by failing to consider and meaningfully address the positive equities and favorable evidence including:
> Respondent's family ties within the United States ...
> Respondent's residency of long duration in the United States (10 years)[.]
> Evidence of hardship to Respondent, his daughter, and his family if deportation occurs.
> Respondent's daughter's medical condition[.]
> Respondent's daughter and her disabilities as they apply under Individuals with Disabilities Education Act ... and the Americans with Disabilities Act ... as amended.
> Respondent's daughter's economic condition if deportation occurs.
> Respondent's exemplary history of employment.
> Respondent's value and service to the community and his church.[3]

At no point in the appeal to the BIA of the IJ's decision, however, did Silva challenge the IJ's rulings on his request for a continuance or the court's refusal to issue a subpoena. Though now asserting that his due process rights were offended by the IJ's refusal to grant a continuance and issue a subpoena for the teacher, Silva did not raise these alleged procedural errors to the BIA.

**II**

■ Because "[a] court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right," we lack jurisdiction to proceed. 8 U.S.C. § 1252(d)(1); *see also Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir.1997) ("A petitioner must exhaust his administrative remedies before seeking judicial review. Failure to raise an issue below constitutes failure to exhaust administrative remedies and deprives this court of jurisdiction to hear the matter.") (internal quotation marks and citations omitted). The purpose of the exhaustion requirement is to avoid our court's premature interference with the agency's processes. *See Liu v. Waters*, 55 F.3d 421, 424 (9th Cir.1995).

■ We have made an exception to the exhaustion requirement for constitutional challenges to statutes and to the administrative rules of procedure. *See Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994) (noting that because the BIA has no jurisdiction to adjudicate constitutional issues, the general rule requiring exhaustion does not preclude petitioners from raising constitutional challenges to the Immigration and Naturalization Act or to the INS's procedures); *see also Ali v. Ashcroft*, 346 F.3d 873, 878 (9th Cir.2003) (holding that

---

**3.** Although Silva indicated on the notice of appeal form that he intended to file a written brief or statement to the BIA to supplement

the points he included above, he did not do so.

where petitioners did not "simply challenge the validity of their orders of removal," but had "question[ed] whether the statute grants the INS authority to remove them to a country that cannot accept them," the court of appeals retains jurisdiction); *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850 (9th Cir.2003) (recognizing our jurisdiction to review a constitutional due process challenge to the INS's streamlining procedures).

■ However, there is an important qualification to this exception to the general rule requiring exhaustion: If an alleged procedural error could have been challenged before the BIA and was not, we lack jurisdiction to review it. *Vargas v. U.S. Dep't of Immigration and Naturalization,* 831 F.2d 906, 908 (9th Cir.1987) (holding that although due process claims are generally exempt from the exhaustion requirement, we do not review "procedural errors correctable by the administrative tribunal.") (citing *Bagues–Valles v. INS,* 779 F.2d 483, 484 (9th Cir.1985)); *see also Martinez–Zelaya v. INS,* 841 F.2d 294, 296 (9th Cir.1988) ("Our review does not extend to what [petitioner] should have argued to the BIA. Instead, our review is confined to the BIA's decision and the bases upon which the BIA relied."). This limiting rule ensures that the appropriate agency first addresses any issue that it is competent to address, before courts interfere.

Our cases illuminate this concept. In *Rashtabadi,* we held that we lacked jurisdiction to review two alleged due process challenges by petitioner that were not exhausted before appeal, namely, petitioner's argument that the IJ failed to advise petitioner of his constitutional and statutory rights before accepting admission of deportability, and petitioner's argument that his counsel improperly admitted deportability without his consent. 23 F.3d at 1567–68. Likewise, in *Sanchez–Cruz v.*

*INS,* 255 F.3d 775, 780 (9th Cir.2001), we held that because petitioner did not argue on appeal to the BIA that she was denied a full and fair hearing on account of the IJ's alleged bias against her, we lacked jurisdiction to review the claim. *See also Ochave v. INS,* 254 F.3d 859, 867 (9th Cir.2001) (foreclosing petitioners' claim that the IJ violated their due process rights by allegedly frustrating counsel's attempts to explain in detail the circumstances of a rape, because petitioners did not raise that due process claim before the BIA).

In *Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004), a recent case analyzing the exhaustion requirement in light of the jurisdictional limitations of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), we held that although the IJ conducted petitioners' hearing in the absence of counsel, and although petitioners argued in a petition to us that they were not given an opportunity to present their case, 8 U.S.C. § 1252(d)(1) serves as a jurisdictional bar that "mandates exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below."

Our sister circuits have likewise held that any alleged due process error correctable by the BIA is not reviewable on appeal if remedies were not exhausted in the agency's tribunal. *See, e.g., Bernal–Vallejo v. INS,* 195 F.3d 56, 64 (1st Cir.1999) (holding that the BIA could have addressed petitioner's ineffective assistance of counsel claim, and that while "[t]here are some claims of denial of due process or deprivation of constitutional rights that are exempt from [the] exhaustion requirement because the BIA has no power to address them[,][t]his case is not one of them.") (internal citation omitted); *United States*

*v. Gonzalez–Roque,* 301 F.3d 39, 47 (2d Cir.2002) (noting failure to exhaust where the BIA could have corrected any prejudicial errors); *De Jesus v. INS,* 312 F.3d 155, 162 n. 47 (5th Cir.2002) ("[W]hen a petitioner's due process claim does not assert a procedural error correctable by the BIA, it is not subject to an exhaustion requirement."); *Sayaxing v. INS,* 179 F.3d 515, 522 (7th Cir.1999) ("While due process claims, generally, do not require exhaustion because the [BIA] does not have authority to adjudicate constitutional issues, applicants must raise them if their claims involve procedural errors correctable by the administrative tribunal.") (internal quotation marks omitted).

The principle that we will not review an unexhausted claim that could have been corrected by the BIA forecloses Silva's contentions. Silva had a clear path to relief on his claim of denial of procedural due process. Silva challenges here the IJ's decision to decline to grant a continuance and to reject issuing a subpoena to a teacher who testified by affidavit. Had Silva fairly presented these issues to the BIA, the BIA could have granted relief, and indeed it would have been in a commanding position to rule on whether Silva received a fair hearing under the agency's normal and required procedures. Whether an IJ should continue a hearing or grant a subpoena is within the BIA's core competence. *See, e.g., Matter of Vergara,* 15 I. & N. Dec. 388, 1975 WL 31526 (BIA 1975) (reviewing IJ's decision not to issue a subpoena); *Matter of N–,* 9 I. & N. Dec. 581, 583, 1962 WL 12860 (BIA 1962) (reviewing an allegation of denial of due pro-

cess because respondent was not granted a continuance to prepare a defense and to prepare application for discretionary relief).

■ Silva, in petitioning for our review, characterizes simple procedural challenges that should have been raised before the BIA as constitutional due process violations, but a "petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violates due process." *Rashta-badi,* 23 F.3d at 1567 (quoting *Reid v. Engen,* 765 F.2d 1457, 1461 (9th Cir.1985)); *see also Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001) (evaluating our review of due process claims under 309(c)(4)(E) of the transitional rules of IIRIRA, and holding that "a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb. To hold otherwise would ... circumvent clear congressional intent to eliminate judicial review over discretionary decisions through the facile device of recharacterizing an alleged abuse of discretion as a 'due process' violation.").[4]

■ Even if we construe Silva's claims as genuine claims of denial of procedural due process, we see no reason why these alleged errors could not have been corrected by the BIA. For purposes of evaluating whether a party has exhausted available administrative remedies, what is key is not how the claim is characterized on appeal, but whether the agency could have compe-

---

4. We do not have jurisdiction to review the BIA's determination that the IJ "abused his [or her] discretion" in failing to find the requisite exceptional and unusual hardship necessary to secure Silva's cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 891 (9th Cir. 2003) ("Because the BIA, acting for the At-

torney General, is vested with the discretion to determine whether an alien has demonstrated the requisite hardship, we are without jurisdiction to review the BIA's hardship determinations under IIRIRA.") In any event, Silva does not argue on appeal that the BIA abused its discretion; he alleges only procedural due process violations.

tently and effectively provided relief had the issue been presented to it.

We conclude that petitioner could have presented to the BIA his procedural due process claims challenging the IJ's decision not to grant a continuance or issue a subpoena. Because petitioner did not exhaust his avenues for relief, we are left without jurisdiction to assess his claims.

DISMISSED.