Celestino **SILVA–CALDERON,**
Petitioner,

v.

John **ASHCROFT, Attorney**
**General, Respondent.**

No. 02–73474.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2004.*

Filed June 16, 2004.

Timothy M. Greene, Puyallup, WA, for the petitioner.

Patricia L. Buchanan, U.S. Department of Justice, Civil Division, Washington, D.C., for the respondent.

Before D.W. NELSON, FISHER, and GOULD, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

GOULD, Circuit Judge:

We grant Petitioner's Petition for Rehearing. The opinion filed February 23, 2004, and appearing at 358 F.3d 1175 (9th Cir.2004), is withdrawn. It may not be cited as precedent by or to this court or any district court of the Ninth Circuit.

We previously held in this case that we lacked jurisdiction to review Petitioner Silva–Calderon's two procedural due process challenges—one relating to a decision of an Immigration Judge ("IJ") refusing to grant a subpoena, and the other relating to the IJ's denial of a continuance. We reached the conclusion that we were without jurisdiction to address these issues because the certified administrative record on appeal did not indicate that Silva–Calderon had raised them in a brief to the Board of Immigration Appeals ("the Board") after the IJ's denial of cancellation of removal.

After our opinion was filed, Silva–Calderon sought panel rehearing, advising us that he had filed with the Board a brief that addressed the issues that our opinion held were not exhausted. Silva–Calderon also filed with the petition for rehearing a motion to supplement the certified administrative record with a copy of that brief, and he asked us to consider the case again in light of the brief that should have been, but that was not, a part of the certified administrative record. The government responded that upon its further inquiries, it had "determined that Petitioner did exhaust his administrative remedies by filing an appeal brief to the Board of Immigration Appeals ... and that the brief may not have been considered in the adjudication of the administrative appeal." The government attributed the oversight to "an apparent clerical error." After the government filed its response to Silva–Calderon's petition for panel rehearing, Silva–Calderon filed a second motion to supplement the record, which contained correspondence from the United States Department of Justice, Executive Office for Immigration Review, Board of Immigration Appeals, Office of the Clerk, evidencing that the Board's computer records reflect that the Clerk's office had received Silva–Calderon's administrative appeal brief on June 20, 2001. It remains a mystery why the Board's certified administrative record does not reflect this document. However, what is clear is that Silva–Calderon should not be prejudiced by the Board's apparent clerical error.

Although our opinion had proceeded on the premise, per the parties' past briefing, that Silva–Calderon had not filed a brief on appeal to the Board (and thus had not exhausted his administrative remedies), both parties now agree that Silva–Calderon did file a brief explaining the bases for his appeal of the IJ's determination, and that for whatever reason, the certified administrative record did not reflect his filing of his brief.[1] It is unclear whether the

---

1. Although the government's argument on appeal rested largely on its contention that Silva–Calderon had not exhausted his administrative remedies, Silva–Calderon did not in his opening brief indicate that the certified administrative record was incomplete. Silva–Calderon also did not file a reply brief responding to the government's arguments about failure to exhaust. In his Petition for Rehearing, Silva–Calderon explains that he had been represented by different counsel during his proceedings before the Board, and that new counsel assumed incorrectly that no brief was filed because the certified administrative record reflected no such brief. After our decision, the prior counsel's alert to Silva–Calderon led to the Petition for Rehearing filed with us and the government's acknowledgment of a clerical error. Under these circumstances, we do not fault Silva–Calderon's newly retained counsel for not responding to the government's exhaustion argument, nor do we fault the government's counsel for advancing its ultimately incorrect arguments in reliance on the certified administrative record.

Board considered the brief before the Board made its ruling. It is clear that the certified administrative record was incomplete.

However, we decline at this time to weigh in on the merits of Silva–Calderon's due process claims, because in reviewing petitions for review of removal orders, we "shall decide the petition only on the administrative record on which the order of removal was based." 8 U.S.C. § 1252(a)(4)(A). The Board should consider all appropriate issues in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) ("[A] court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."). Here, the procedural due process arguments in Silva–Calderon's brief reflect matters that the Board can address. Whether an IJ should continue a hearing and whether an IJ should grant a subpoena are within the BIA's core competence. *See, e.g., Matter of* Vergara, 15 I. & N. Dec. 388, 1975 WL 31526 (BIA 1975) (reviewing IJ's decision not to issue a subpoena); *Matter of* N—, 9 I. & N. Dec. 581, 583, 1962 WL 12860 (BIA 1962) (reviewing an allegation of denial of due process because respondent was not granted a continuance to prepare a defense and to prepare application for discretionary relief). If the IJ's decisions in either challenged respect were fundamentally unfair, the Board is competent to give relief.

Hence, in addition to vacating our prior opinion, we deny both of Silva–Calderon's motions to supplement the certified administrative record. Instead, we remand this case to the Board to correct the record of proceedings, which we understand will not be opposed by the government, and we direct the Board to address the additional arguments raised in Silva–Calderon's administrative appeal brief. As to these arguments, we express no opinion at this time. Silva–Calderon will retain his right to petition for review of the subsequent Board decision.

**IT IS SO ORDERED.**