Sijifredo **VALDEZ–CAMACHO,**
**Petitioner,**

v.

John **ASHCROFT, Attorney**
**General, Respondent.**

No. 01–71517.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Sept. 9, 2003.

Decided Sept. 29, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Kleinfeld, Circuit Judge, filed a concurring statement.

Before: KLEINFELD, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

 Sijifredo Valdez–Camacho petitions for review of an order of the Board of Immigration Appeals ("BIA") ordering him removed pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), which makes an alien removable for having committed an aggravated felony. "Aggravated felony" is defined under 8 U.S.C. § 1101(a)(43)(A) to include "sexual abuse of a minor." Valdez–Camacho argues that he has not been convicted of an "aggravated felony" under § 1101(a)(43)(A).

Under the "categorical approach" laid out in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), "[t]he crime defined by [§ 261.5(c) ] qualifies as 'sexual abuse of a minor' and hence an aggravated felony if and only if the full range of conduct covered by it falls within the meaning of that term." *United States v. Baron–Medina*, 187 F.3d 1144, 1146 (9th Cir.1999) (internal quotations and citation omitted). "If the state statute is over-inclusive, meaning that conduct that does and does not qualify as an aggravated felony is criminalized, we analyze the statute under a modified categorical approach." *Ruiz–Morales v. Ashcroft*, 361 F.3d 1219, 1222 (9th Cir.2004) (quotation and citation omitted). Under the modified categorical approach, "courts may examine the record for documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes." *United States v. Corona–Sanchez*, 291 F.3d 1201, 1211 (9th Cir.2002) (en banc) (quotation and citation omitted). We may examine "the charging documents in conjunction with the plea agreement, the transcript of a plea proceeding, or the judgment to determine

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

whether the defendant pled guilty" to an aggravated felony. *Id.*

Valdez–Camacho pled *nolo contendre* and was convicted of violating California Penal Code § 261.5(c), which criminalizes sex with minors who are three years younger than the perpetrator. Even assuming California Penal Code § 261.5(c) is overly broad and fails the categorical test, Valdez–Camacho's conviction nonetheless constitutes an aggravated felony under a modified categorical approach. In the record before us, we are confronted with Valdez–Camacho's judgment of conviction of California Penal Code § 261.5(c), which is based on his *nolo contendere* plea. We are also confronted with a criminal complaint, which charges that Valdez–Camacho had sexual intercourse with a girl, aged 15 years old. "When a defendant pleads guilty (or as here, pleads *nolo contendere* ) to facts stated in the conjunctive, each factual allegation is taken as true." *United States v. Williams,* 47 F.3d 993, 995 (9th Cir. 1995). Valdez–Camacho's judgment of conviction therefore establishes that he was convicted for having sex with a 15–year–old.

Under our case law, sexual conduct with a 15–year–old qualifies as "sexual abuse of a minor." *See United States v. Granbois,* 376 F.3d 993, 996 (9th Cir.2004) (conviction under federal law for sexual contact with minor between ages of 12 and 16 by perpetrator who is four years older is "sexual abuse of a minor"); *United States v. Pereira–Salmeron,* 337 F.3d 1148, 1149 (9th Cir.2003) (conviction under Virginia law for "carnal knowledge" without use of force of a child between the ages of 13 and 15 constituted "sexual abuse of a minor."); *see also See United States v. Baron–Medina,* 187 F.3d 1144, 1147 (9th Cir.1999) (use of young children for the gratification of sexual desires is conduct that falls within the common, everyday meaning of "sexual abuse of a minor"). Valdez–Camacho was

thus convicted for a crime constituting "sexual abuse of a minor," and he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii).

■ Valdez–Camacho also argues that because his § 261.5(c) conviction was reduced from a felony to a misdemeanor after the BIA's removal order, he cannot be deemed to have committed an aggravated felony. Under the statute, our review of removal orders is limited to the "administrative record on which the order of removal is based." 8 U.S.C. § 1252(4)(A); *see Silva–Calderon v. Ashcroft,* 371 F.3d 1135, 1137 (9th Cir.2004). Because the reduction of Valdez–Camacho's conviction was not before the BIA, we may not consider it.

Even, however, were we allowed to take notice of the reduction, we would still conclude that Valdez–Camacho has been convicted of an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43)(A). " 'Aggravated felony' is a term of art created by Congress to describe a class of offenses that subjects aliens convicted of those offenses to certain disabilities. 'Aggravated felonies' are not necessarily a subset of felonies; for instance, an offense classified by state law as a misdemeanor can be an 'aggravated felony' ... if the offense otherwise conforms to the federal definition of 'aggravated felony' found in 8 U.S.C. § 1101(a)(43)." *United States v. Robles–Rodriguez,* 281 F.3d 900, 902—03 (9th Cir.2002). We have already concluded that Valdez–Camacho's was convicted for conduct that constituted "sexual abuse of a minor," the relevant "federal definition of 'aggravated felony' found in 8 U.S.C. § 1101(a)(43)." *Id.; see also United States v. Pallares–Galan,* 359 F.3d 1088, 1102 n. 7 (9th Cir.2004) (noting consistency of holding with decisions that "state misdemeanor convictions relating to child sexual matters constitute aggravated felonies of 'sexual abuse of a minor' under

§ 1101(a)(43)(A).''). Regardless of the reduction, therefore, Valdez–Camacho has been convicted of an aggravated felony for purposes of 8 U.S.C. § 1227(a)(2)(A)(iii).

PETITION DENIED.

KLEINFELD, Circuit Judge, concurring.

The majority takes too expansive a view of the modified categorical approach by taking account of things other than "the charging documents in conjunction with the plea agreement, the transcript of a plea proceeding, or the judgment to determine whether the defendant pled guilty" to an aggravated felony.[1] I think (though there is room for doubt) the authorities we must follow would lead to the same result under the categorical approach, so I am concurring rather than dissenting.

---

1. *United States v. Corona–Sanchez,* 291 F.3d 1201, 1211 (9th Cir.2002) (en banc).