**Fernando FERNANDEZ–CABRERA and Yazmin Andrade Peredo, Petitioners,**

**v.**

**Alberto GONZALES,\* Attorney General, Respondent.**

**Nos. 03–72980.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 22, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Howard R. Davis, Esq., Van Nuys, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Esq., William C. Peachey, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

### MEMORANDUM ***

Fernando Fernandez–Cabrera and Yazmin Andrade Peredo, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") affirmance of an immigration judge's denial of their applications for cancellation of removal. We dismiss in part and grant in part the petition for

review, and remand for further proceedings.

■ We lack jurisdiction to review the BIA's discretionary determination that petitioners failed to demonstrate "exceptional and extremely unusual hardship." *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). We do not consider whether petitioners established ten years of continuous physical presence because failure to establish hardship is dispositive. *See* 8 U.S.C. § 1229b(b)(1); *Romero–Torres,* 327 F.3d at 889.

■ We also lack jurisdiction over petitioners' contention that the agency applied an incorrect legal standard in determining hardship because it is not a colorable due process claim. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001).

■ The BIA failed to consider petitioners' contention that the IJ's interruption of their testimony violated their due process rights. We remand so that the BIA may in the first instance determine whether alleged procedural errors deprived petitioners of a full and fair hearing. *See Silva–Calderon v. Ashcroft,* 371 F.3d 1135, 1137 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part, GRANTED in part, and REMANDED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.