NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANA PATRICIA DIAZ CHAVEZ; J.I.A.D.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    20-72929

Agency Nos.
A 206-909-405
A 206-909-406

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2026**
San Francisco, California

Before:  H.A. THOMAS and JOHNSTONE, Circuit Judges, and LEFKOW,***
District Judge.

Petitioners Ana Patricia Diaz Chavez and her minor son J.I.A.D., natives and

citizens of Mexico, seek review of a decision by the Board of Immigration Appeals

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***      The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

("BIA") dismissing their appeal from an Immigration Judge's ("IJ") (collectively, the "Agency") denial of their applications for asylum, withholding of removal, and protection under the Convention against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition.

"Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). We review questions of law de novo and the IJ's factual findings for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). Under the substantial evidence standard, the Agency's findings of fact are considered "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id*. We recount the facts only as necessary to our disposition.

1.      Petitioners argue that the Agency violated J.I.A.D.'s due process, statutory, and regulatory rights to a full and fair hearing by failing to individually analyze his applications for withholding of removal and CAT protection.[2] We are unable to review this claim, because Petitioners have not administratively exhausted it. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (citation omitted) (noting that administrative exhaustion, while

---

[1] J.I.A.D. is listed as a derivative beneficiary on Diaz Chavez's asylum application, and he filed separate applications for withholding of removal and CAT protection. Diaz Chavez does not challenge the Agency's denial of her CAT claim.

[2] Although J.I.A.D. filed separate applications for relief and protection, his claims are based on the same allegations and evidence as Diaz Chavez.

not jurisdictional, is a claim-processing rule that the court "must enforce" when it is properly raised); *see also Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013) (per curiam) (explaining that while constitutional challenges are generally excepted from exhaustion, exhaustion does apply to due process claims concerning alleged procedural errors that, given the opportunity, the BIA could have corrected). Given the opportunity, the BIA could have reviewed whether the IJ failed to individually analyze J.I.A.D.'s claims and, if necessary, ordered remand to the IJ. *See* 8 CFR § 1003.1(d)(3); *see also Silva-Calderon v. Ashcroft*, 371 F.3d 1135, 1137 (9th Cir. 2004). Petitioners, however, did not raise this issue to the BIA, and have thus failed to administratively exhaust it.

2.    Substantial evidence supports the Agency's denial of Petitioners' claim for asylum on the grounds that they did not establish a nexus between their fear of future persecution and membership in their particular social group of "family of Celso Arreola Huerta." *See* 8 U.S.C. § 1158. The evidence in the record does not compel a finding that the cartels would be motivated to target Petitioners because of their kinship with Huerta, who was kidnapped by the cartels and later escaped. In fact, there is no evidence that the cartels were even aware of Petitioners or their relationship to Huerta when he was kidnapped. And notwithstanding Petitioners' speculation that Huerta's escape would give the cartels reason to target them, the record does not compel the conclusion that the cartels are looking for

them or that any feared harm would be on account of Petitioners' familial ties to Huerta.

3.      The Agency did not err in finding that Petitioners did not qualify for withholding of removal. Petitioners argue the Agency erroneously conflated the nexus requirements for asylum and withholding of removal. Since Petitioners have shown no nexus at all, however, the distinction between the nexus standards for asylum and withholding of removal is irrelevant. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

**PETITION DENIED.**[3]

---

[3] The temporary stay of removal remains in place until the mandate issues.

20-72929