

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-19-2004

# Seegobin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3150

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Seegobin v. Atty Gen USA" (2004). *2004 Decisions.* Paper 214.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/214

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-3150

———

RAMESH SEEGOBIN

Appellant

v.

JOHN ASHCROFT, ATTORNEY GENERAL

———

On petition for review of a final order
of the Board of Immigration Appeals
File No: A72-502-146

———

Submitted pursuant to Third Circuit LAR 34.1(a)
on: October 1, 2004

Before: RENDELL, FUENTES,
and SMITH, *Circuit Judges*

(Filed: October 19, 2004)

_____

OPINION OF THE COURT
_____

Fuentes, *Circuit Judge*.

1

Petitioner Ramesh Seegobin challenges a final order of removal issued by the Board of Immigration Appeals ("BIA") in June 2003. The BIA reversed the immigration judge's grant of a hardship waiver under Section 216(c)(4)(C) of the Immigration and Nationality Act ("INA"). We will deny the petition for review.

I.

As we write solely for the parties, we limit our recitation of the facts to the procedural history necessary to our determination.

The Immigration and Naturalization Service[*] ("INS") initiated removal proceedings against Seegobin, a citizen of Canada, on February 10, 1999. In its Notice to Appear, the INS alleged that Seegobin was removable from the United States because he became a lawful permanent resident on a conditional basis on February 22, 1996 based on his marriage to Devicaranie Pardsi, but his application to remove the conditional nature of the permanent residence was denied by the District Director on December 21, 1998. In his initial Master Calendar Hearing before the immigration judge, Petitioner admitted those facts but asserted that he was entitled to a review of his

[*]The INA was amended by the Homeland Security Act of 2002, Pub. L. No. 107-296, § 471, 116 Stat. 2135, 2192, 2205 (Nov. 25, 2002), which, on March 1, 2003, transferred the functions of the INS to various bureaus, including the Bureau of Citizenship and Immigration Services within the Department of Homeland Security. *See generally* 1 Gordon, Mailman, & Yale-Loehr, *Immigration Law and Procedure* 1:SA1-1-2. The functions of the Executive Office for Immigration Review continue to reside in the Department of Justice, under the direction of the Attorney General. For ease of reference, this opinion refers to the agency as the INS.

claim of a waiver of the joint filing requirement. The immigration judge in fact granted that waiver on July 20, 1999. The INS appealed the immigration judge's decision to the BIA, which reversed on June 27, 2003.

The BIA found that Seegobin had not entered into his marriage with Pardsi in good faith and ordered his deportation. Petitioner filed a Notice of Appeal to this Court on July 24, 2003. On August 21, 2003, Petitioner filed a motion for a stay of removal; this Court denied his motion for a stay on August 27, 2003. Seegobin was removed from the United States on August 28, 2003. On August 29, 2003, Petitioner filed a motion to reopen and remand his proceedings with the BIA. The BIA denied Seegobin's motion after determining that it had been withdrawn as a result of his removal. *See* 8 C.F.R. § 1003.2(d).

## II.

The parties disagree as to the scope of Petitioner's appeal to this Court. Although Petitioner remarks in his brief that the BIA's denial of his motion to reopen was consolidated for review together with review of the BIA's order of removal, there is no indication that Seegobin in fact petitioned for review of the BIA's denial of his motion to reopen. *See* Pet. Brief. at 1. As the BIA's denial of Seegobin's motion to reopen was subject to independent review, it was not "automatically" appealed and consolidated with Seegobin's petition for review of the BIA's order of removal. *See Bak v. INS*, 682 F.2d 441, 442 (3d Cir. 1982) ("The general rule is that a motion to reopen deportation

proceedings is a new, independently reviewable order within the jurisdiction of the court of appeals."). Accordingly, our discussion is limited to the BIA's June 2003 Order.

Seegobin raises three issues in his petition to this Court. First, he argues that the BIA improperly considered certain evidence in its reversal of the immigration judge's finding that Seegobin had entered into his marriage with a United States citizen in good faith and that she either battered him or subjected him to extreme cruelty. Second, Seegobin contends that the BIA erred in not considering his eligibility for voluntary departure or cancellation of removal as alternatives to forcible removal. Finally, Seegobin proposes generally that the BIA erred in determining that Seegobin does not merit a hardship waiver under INA § 216(c)(4)(C).

## III.

Petitioner Seegobin's first two arguments on appeal, based on allegedly improper admission of evidence and failure to consider alternative relief, are barred at this late stage because he failed to exhaust his administrative remedies as required by INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-95 (3d Cir. 2003) ("[A]n alien is required to raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim."). Petitioner did not raise the issues regarding evidence and alternative relief that he raises before this Court in his brief to the BIA. The BIA's failure to address these issues in its decision was the direct result of Petitioner's failure to raise them. *Cf. INS v.*

4

*Ventura*, 537 U.S. 12, 14 (2002) (holding that circuit court should have remanded case to BIA rather than decide issue de novo, where BIA explicitly decided that it need not address the issue).

Respondent is correct that, in order to preserve his right of appeal, Petitioner had to raise his claims concerning improper admission of evidence and alternative relief before the BIA even though he prevailed before the immigration judge. *See Alleyne v. INS*, 879 F.2d 1177, 1182 (3d Cir.1989) (noting that the exhaustion requirement "bars consideration of particular questions not raised in an appeal to the Board"). Petitioner did not have to file a protective Notice of Appeal, but he did need to raise the issues in his pleadings in opposition to the INS' appeal. *Cf. Winston by Winston v. Children & Youth Servcs.*, 948 F.2d 1380 (3d Cir. 1991) (holding that an issue was precluded because "[e]ven if a cross-appeal was not technically necessary...defendants did not even argue [the issue] in their brief on appeal."); *Wisniewski v. Johns-Mansville Corp.*, 812 F.2d 81, 88 (3d Cir.1987) ("An issue that is not addressed in an appellant's brief is deemed waived on appeal."). It is one thing for an alien not to contest unfavorable evidentiary rulings and unaddressed grounds for relief when she is granted the relief she desires on other grounds. It is quite another for the alien to be passive on those issues in the face of an appeal to the BIA by the INS. Once an appeal was in motion, Petitioner's arguments regarding judicial economy and undue hardship lost any bearing. At that point, it was incumbent on Petitioner to develop all issues and arguments before the BIA

5

on the bases of which he could avoid forcible removal from the United States.

Petitioner points out that, as the appealing party, the INS "formulated" the issues before the BIA. But the evidentiary issues Seegobin now raises bear directly on the primary issue that was on appeal before the BIA, i.e., his eligibility for a hardship waiver. Even Petitioner's claim for alternative relief relates to the ultimate question that was before the BIA, i.e. whether to forcibly remove Seegobin from the United States. Because Seegobin failed to raise his present objections before the BIA even in the course of proceedings that jeopardized and ultimately reversed his hardship waiver, the Court lacks jurisdiction to review those issues.

The requirement that Petitioner exhaust his claims before appealing them to this Court applies even though Petitioner claims the BIA's procedural errors violated his right to due process. The mere allegation of such a violation of due process will not save this Court's jurisdiction. As the 9th Circuit recently held, "[i]f an alleged procedural error could have been challenged before the BIA and was not, we lack jurisdiction to review it." *Silva-Calderon v. Ashcroft*, 358 F.3d 1175, 1178 (9th Cir. 2004).

Petitioner also argues that INA § 242(d)(1) does not apply because he attempted to raise his unexhausted claims before the BIA in the form of a motion to reopen. The BIA refused to hear that motion on the merits because the Petitioner had already been removed from the United States at that point. *See* 8 CFR § 1003.2. Petitioner is right that he would have been able to raise those issues had he not been removed by the

6

Department of Homeland Security. But his removal was lawful – indeed, this Court denied Petitioner's motion for a stay of removal – and Petitioner offers no reason why this Court should foreclose its normal legal effect. Seegobin could have avoided the preclusive effect of the timing of his removal by submitting his motion to reopen prior to his removal, or better (and as suggested above), by raising all relevant issues in response to the INS' appeal to the BIA. The mere fact that Seegobin obtained new counsel does not exempt him from the exhaustion requirements of INA § 242(d)(1). Those requirements bar our review of Petitioner's claims regarding allegedly improper admission of evidence and alternatives to forcible removal.

## IV.

The third issue before this Court is whether the BIA properly denied Seegobin a hardship waiver under INA § 216(c)(4)(C). Albeit implicitly, Seegobin appeals the Board's overall finding that he has not met his burden of establishing that his second marriage was entered into in good faith and is therefore ineligible for a hardship waiver. However, we lack jurisdiction over the question of whether the BIA properly exercised its discretion in refusing to extend Seegobin a hardship waiver.

Pursuant to INA § 242(a)(2)(B)(ii), we may not review decisions or actions of the Attorney General which are specifically left to the sole discretion of the Attorney General under Subchapter II of Chapter 12 of Title 8. 8 U.S.C. § 1252(a)(2)(B). That subchapter includes Section 216(c)(4), 8 U.S.C. § 1186a(c)(4), which provides the conditions for

7

hardship waivers. *See Urena-Tavarez v. Ashcroft*, 367 F.3d 154, 161 (3d Cir. 2004) (holding that 8 U.S.C. § 1252(a)(2)(B)(ii) bars review of the discretionary denial of waivers under 8 U.S.C. § 1186a(c)(4)). *See also Spencer Enterprises, Inc. v. United States*, 345 F.3d 683, 690 (9th Cir. 2003). Section 216(c)(4) not only provides that the Attorney General may grant permanent residency under a hardship exception "in the Attorney General's discretion" but also specifically provides that in determining extreme hardship, "[t]he determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Attorney General." 8 U.S.C. § 1186a(c)(4). Since Petitioner suggests no ground for reversal of the BIA's decision other than a re-evaluation of the credibility and/or weight of the evidence on record, we have no jurisdiction to review the BIA's exercise of its discretion.

For the foregoing reasons, we will deny the petition for review.