

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-25-2006

# Lauw v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4648

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lauw v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1044.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1044

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

Nos. 04-4648/05-2639

———

LAN PING LAUW

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES[*]

Respondent

———

Petition for Review of an order
of the Board of Immigration Appeals
(No. A79-331-374)
Immigration Judge: Charles M. Honeyman

———

Submitted Under Third Circuit LAR 34.1(a)
May 8, 2006

Before: BARRY and SMITH, Circuit Judges, and RODRIGUEZ[**], District Judge

(Filed: May 25, 2006)

———

[*] Amended pursuant to Rule 43(c)(2), Federal Rules of Appellate Procedure.

[**] The Honorable Joseph H. Rodriguez, Senior District Judge, United States District
Court for the District of New Jersey, sitting by designation.

OPINION OF THE COURT

RODRIGUEZ, District Judge.

Lan Ping Lauw, a native and citizen of Indonesia, petitions this Court for review of a final order of the Board of Immigration Appeals ("BIA") reversing the Immigration Judge's ("IJ") grant of her application for asylum and affirming the IJ's denial of withholding of removal. She also petitions for review of the BIA's denial of her motion for reconsideration. We will deny the petition.

**I.**

Petitioner's testimony before the IJ was as follows. She is of Chinese ethnicity and practices Roman Catholicism, which has subjected her and her family to repeated threats and attacks by native Indonesian Muslims, known as pribumi. The first attack occurred in March of 1998, when Petitioner was approached by ten pribumi who took her bible and threw it in the trash as she was walking to church. In April of 1998, the second attack occurred when the Petitioner and her family were threatened by a pribumi taxi driver who said, "You Chinese Christians will be killed brutally." Several days after this incident, Petitioner received a telephone call at her home with the same message repeated.

The third incident occurred in May of 1998. Petitioner, a bus driver for a Catholic school, was approached by a group who ultimately burned the school van she drove after she escaped. In the same month, Petitioner's husband's business was destroyed by a fire.

2

Additional similar incidents occurred in November and December of 1998.

On October 18, 2000, Petitioner arrived in the United States at Los Angeles International Airport as a nonimmigrant visitor for pleasure with permission to remain until April 16, 2001. Instead of leaving the United States, she filed an application for asylum and withholding of removal on June 9, 2001. The Immigration and Naturalization Service placed her in removal proceedings on August 7, 2001. After a hearing on May 23, 2003, her application was granted.

In his oral opinion, the IJ found that Petitioner did not meet her burden of proof and persuasion that she suffered past persecution within the meaning of the Immigration and Nationality Act, regulations and applicable case law. The IJ further found that Petitioner did not meet her burden as to whether she faces a reasonable possibility of future persecution leading to a well-founded fear determination. However, the IJ found, based on the two most recent reports on international religious freedom by the Department of State, the arguments of counsel, and the relevant portions of the credible source materials that were submitted, that "there is a 'pattern or practice' of persecution of Chinese Christians by forces of the government or by forces . . . the government [is] unwilling or unable to control." (App. at 19.) Accordingly, the IJ granted the application for asylum based on the pattern or practice finding and did not reach Petitioner's other applications for relief.

The Department of Homeland Security appealed the IJ's determination. Petitioner,

3

rather than filing a brief in opposition, advised the BIA that she would rely on the IJ's decision. On November 19, 2004, the BIA vacated the IJ's order granting asylum and ordered Petitioner removed to Indonesia. The BIA reasoned that Petitioner did not establish that there is a pattern or practice of persecution against Chinese Catholics in Indonesia for three reasons: (1) the most recent country reports, while describing widespread conflict between Muslims and Christians in certain parts of Indonesia, did not indicate that conflict existed on Petitioner's home island of Java or in her hometown of Jakarta; (2) the most recent country reports indicated that racially motivated attacks against Sino-Indonesians have dropped sharply since mid-1998; and (3) the testimony of Petitioner indicated that her family members, who remain in Indonesia, have not been the victims of violence since November 2001.

Following the BIA's vacatur, Petitioner motioned for reconsideration before the BIA and petitioned this Court to review the decision. On April 29, 2005, the BIA denied Petitioner's motion for reconsideration as follows:

> The respondent first cites two cases decided in the United States Court of Appeals for the Ninth Circuit, which are not binding upon the [BIA] in this case because the respondent's case arises in the Third Circuit. See Lie v. Ashcroft, 396 F.3d 530 (3d Cir. 2005) (finding that Indonesian Chinese Christian had not shown a pattern or practice of persecution). Second, the respondent argued that the [BIA] had failed to cite to case law in its decision. However, the [BIA] did cite to regulation and did cite to a variety of evidence contained in the record of proceedings in its decision. Third, the respondent contends that the [BIA] incorrectly found that the respondent had not suffered past persecution and did not have a well-founded fear of future persecution. However, the [BIA's] order clearly states that these issues were not raised on appeal; the only finding that was reviewed was the [IJ's] finding of a pattern

4

and practice of persecution of Chinese Christians in Indonesia. Fourth, the respondent argues that the [BIA] should have granted the respondent withholding of removal, but has not supported this argument with citations to cases or items in the record. Finally, the respondent argues that the [BIA] erred in affirming the [IJ's] finding in this regard, because the [IJ] did not reach the issue of [Convention Against Torture] relief after he granted the respondent asylum. Rather, based on the facts as found by the [IJ], we concluded that the respondent had not shown a likelihood of torture.

(App. at 22-23.) The Petitioner once again petitioned this Court to review the BIA's decision. On May 20, 2005, the petitions were consolidated by this Court for purposes of briefing and disposition.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a) to review final orders of removal issued by the BIA. We review the BIA's factual determination that a petitioner failed to prove pattern or practice under the substantial evidence standard. Lusingo v. Ashcroft, 420 F.3d 193, 199 (3d Cir. 2005) (citing Balasubramanrim v. INS, 143 F.3d 157, 161 (3d Cir. 1998)). "To reverse the BIA finding we must find that the evidence not only supports that conclusion, but compels it. . . ." INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992). We review the BIA's denial of a motion for reconsideration for abuse of discretion. Goa v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).

## III.

Petitioner argues that the BIA's finding that she failed to prove a pattern or practice of persecution of Chinese Catholics in Indonesia is unsupported by substantial evidence. We disagree.

5

Persecution constitutes a pattern or practice when it is "systemic, pervasive, or organized." Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) (quoting Ngure v. Ashcroft, 367 F.3d 975, 991 (8th Cir. 2004)). Moreover, the "violence or other harm perpetrated by civilians against the petitioner's group does not constitute persecution unless such acts are 'committed by the government or forces the government is either 'unable or unwilling' to control.'" Id. (quoting Abdulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir. 2003)).

In Lie, the petitioner argued with "some force" that "anti-Chinese violence persists, citing evidence in the record of widespread attacks against Chinese Christians in Indonesia, including press accounts of riots, vandalism, and robbery targeting Chinese Christians." Id. However, we held that "such violence does not appear to be sufficiently widespread as to constitute a pattern or practice." Id. We reasoned that: (1) the 1999 Country Report on Indonesia indicated that there was a sharp decline in violence against Chinese Christians since 1998; (2) the Indonesian government officially promotes religious and ethnic tolerance; and (3) the violence was primarily wrought by fellow citizens, rather than the result of governmental action or acquiescence. Id.

Here, the BIA relied on the United States Department of State 2001 and 2002 Country Reports on Human Rights Practices for Indonesia and the United States Department of State 2001 and 2002 International Religious Freedom Reports for Indonesia. See e.g., Indonesia: Country Report on Human Rights Practices-2002, App.

6

Vol. II, at 172 (stating that Catholicism is one of five recognized religions in Indonesia and noting that while "[c]hurches continued to come under attack during the year . . . such incidents were much less frequent than in previous years"). Moreover, the BIA relied on Petitioner's testimony that her family members have remained in Indonesia free from violence since November of 2001. See Lie, 396 F.3d at 537 (noting that an applicant's claim of persecution upon return to her home country is weakened when similarly-situated family members continue to live in that country without incident). Therefore, substantial evidence supports the BIA's determination that Petitioner failed to show that there is a pattern or practice of persecution of Chinese Christians in Indonesia.

### IV.

Petitioner also argues that the BIA abused its discretion by denying her motion for reconsideration. We disagree.

"We will disturb the BIA's denial of a motion to reopen or to reconsider only if it was arbitrary, irrational, or contrary to law." Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005) (quotation marks and citations omitted). In her application for reconsideration, Petitioner raises claims identical to those at issue here. We conclude that the BIA's denial was a correct application of relevant law and therefore was neither arbitrary nor contrary to law.

### V.

Petitioner's remaining arguments were raised in her motion for reconsideration

7

rather than on direct appeal to the BIA. Therefore, the issues were not properly preserved for review by this Court. See Alleyne v. INS, 879 F.2d 1177, 1182 (3d Cir. 1989) (noting that the exhaustion requirement "bars consideration of particular questions not raised in an appeal to the [BIA]"); see also Seegobin v. Ashcroft, 112 Fed. Appx. 195, 197-98 (3d Cir. 2004) (recognizing that even when a petitioner is the prevailing party before the IJ, once an appeal is in motion, a petitioner must, in order to preserve her right to appeal adverse determinations below, develop all points of error in her opposition to the appeal). Accordingly, we will not discuss Petitioner's additional arguments here.

## VI.

Based on the foregoing, the BIA's finding that Petitioner failed to establish a pattern or practice of persecution of Chinese Christians in Indonesia is supported by substantial evidence. Moreover, the BIA did not abuse its discretion by denying Petitioner's motion for reconsideration. Therefore, the petition for review will be denied.