IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2008

Charles R. Fulbruge III
Clerk

No. 07-60177

ALBERTO CONTRERAS-BANDA

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Petitioner Alberto Contreras-Banda appeals the final removal order of the Board of Immigration Appeals (the "BIA"), upholding the decision of the Immigration Judge (the "IJ") ordering him removed to Mexico, denying his requests for a waiver pursuant to former § 212(c) of the Immigration and Nationality Act ("INA"), 66 Stat. 163 (codified as amended at 8 U.S.C. § 1182(c)),[1] and denying his request for an adjustment of status under INA

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, § 212(c) provided:

§ 245(a), 8 U.S.C. § 1255(a). He argues that the Department of Homeland Security ("DHS") unlawfully charged him as a deportable alien rather than as an inadmissible alien based on a prior drug offense, and that if lawfully charged as an arriving alien inadmissible for a drug offense, he could be eligible for his requested relief. Because Contreras-Banda failed to exhaust this argument before the BIA, we DISMISS his petition for review.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Contreras-Banda is a native and citizen of Mexico. He became a lawful permanent resident ("LPR") of the United States in 1983, after marrying a United States citizen ("USC") that year. He was convicted in 1995 of a firearm offense and pleaded guilty to a drug offense, unlawful possession of cocaine, on or about January 8, 1997. On April 10, 2003, Contreras-Banda was issued a Notice to Appear ("NTA"), charging him as an LPR who was admitted and deportable under 8 U.S.C. §§ 1227(a)(2)(B)(i) and (a)(2)(C) based on his 1997 drug conviction and his 1995 firearm conviction.

Contreras-Banda appeared before the IJ for the first time on August 19, 2003, represented by counsel. At that time, he requested and was granted "time

---

Aliens lawfully admitted for permanent residence who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) [grounds for inadmissibility, including controlled substance offenses] (other than paragraphs (3) and (9)(C)) . . . . The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.

AEDPA amended the last sentence of § 212(c) as follows: "This subsection shall not apply to an alien who is deportable by reason of having committed any criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D), [8 U.S.C. § 1227(a)(2)(A)(iii), (B), (C), or (D)] . . . ." On April 1, 1997, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (the "IIRIRA"), 110 Stat. 3009-546, effective April 1, 1997, repealed the § 212(c) waiver altogether.

to prepare," and a hearing was set for September 12, 2003, for Contreras-Banda to appear and enter his plea. At the September 12 hearing, Contreras-Banda appeared before the IJ and denied the allegations of the convictions as well as removability. Following two subsequent hearings and continuances, at a hearing on November 21, 2003, the IJ granted Contreras-Banda a continuance for him to file his application for relief pursuant to § 212(c), and a follow-up hearing was set for December 2, 2003. After three additional continuances, on April 27, 2004, the IJ set a merits hearing on Contreras-Banda's § 212(c) application for October 19, 2004. At the hearing on October 19, the IJ stated that it preliminarily appeared as though Contreras-Banda qualified for the § 212(c) waiver for his 1997 drug conviction. The IJ also informed Contreras-Banda that he would need to file for an adjustment of status pursuant to INA § 245, 8 U.S.C. § 1255, along with an I-130 visa petition for an alien relative based on his marriage to a USC, and set a date of January 18, 2005, for Contreras-Banda to return and show proof of filing. On January 18, the IJ administratively closed Contreras-Banda's case pending either approval or denial of his visa application and stated that, at that point, either Contreras-Banda or DHS could file a motion to reopen the case to proceed on the § 212(c) application.

DHS filed a motion to reopen the case on July 21, 2005. On February 8, 2006, during the hearing on the merits of his applications for § 212(c) relief and adjustment of status, Contreras-Banda maintained that despite the AEDPA amendment excluding aliens who are "deportable by reason of having committed" an aggravated felony from eligibility for relief, he remained eligible for § 212(c) relief under Matter of Gabryelsky, 20 I. & N. Dec. 750 (BIA 1993) (permitting an alien to apply for § 212(c) relief and an adjustment of status pursuant to § 245 simultaneously), and INS v. St. Cyr, 533 U.S. 289 (2001) (preserving the possibility of § 212(c) relief for aliens whose convictions were

obtained by plea agreements and who would have been eligible for § 212(c) relief at the time of their pleas notwithstanding the provisions of AEDPA and the IIRIRA that limited and ultimately repealed § 212(c)).

Contreras-Banda argued, without offering evidence at the hearing, that he was an arriving alien, explaining that he was apprehended at a port of entry crossing a bridge between Mexico and the United States, was never formally admitted, and was served with an NTA when he was detained at the border.[2] In fact, during the hearing, Contreras-Banda asserted initially that he was charged as an arriving alien. Thus, as an arriving alien, Contreras-Banda continued, he should have been charged as inadmissible rather than as deportable, and the AEDPA amendment barring aliens deportable for aggravated felony convictions from eligibility for § 212(c) relief would not apply to him.

The IJ responded that Contreras-Banda was charged as having been admitted to the United States as an LPR who was deportable based on his firearm and drug convictions, and, as such, that the AEDPA amendment applied to bar him from eligibility for relief under § 212(c). Contreras-Banda requested the opportunity to file a brief on the issue of his eligibility for § 212(c) relief, but the IJ denied his request. The IJ then found that Contreras-Banda was ineligible for § 212(c) relief, and consequently also ineligible for an adjustment of status. That same day, the IJ issued an oral decision to that effect and an order denying his applications for § 212(c) relief and an adjustment of status under § 245 and ordering Contreras-Banda removed to Mexico.

---

[2] Although it is not integral to the decision on jurisdictional grounds in this case, at oral argument before this court, Contreras-Banda's story about his return from Mexico changed; in the new version, he was actually permitted to enter the United States, even though he was not formally admitted or paroled in, and was served with an NTA approximately a week after his return.

Contreras-Banda appealed the IJ's decision to the BIA, filing a brief on September 14, 2006. In his brief, Contreras-Banda again alleged, without offering evidence, in his statement of facts that he was an arriving alien because he was apprehended at a bridge between Mexico and the United States and was immediately issued an NTA. However, Contreras-Banda did not rely on those facts in the argument section of his brief. Rather, he argued that the IJ should have considered him an applicant for admission because he applied for an adjustment of status pursuant to § 245 and had not yet been adjudged deportable, thereby preserving his eligibility for a § 212(c) waiver, notwithstanding AEDPA. He further argued that, because he was an applicant for admission, he did not need a waiver for his firearm conviction because that conviction was not a ground for inadmissability. In a single paragraph on the last page of his brief, Contreras-Banda expressly declined to pursue the argument that he could only be lawfully charged as inadmissible because he was an arriving alien under 8 U.S.C. §§ 1101 (a)(13)(A) and (C)(v). His brief stated:

> Because it is possible to dispose of the issues in this appeal without arguing that [Contreras-Banda] is an arriving alien pursuant to INA [§] 101(a)(13)(c) and 8 C.F.R. § 1.1(q)[,] we do not advance this argument at present. However, we reserve discussion of this issue for further proceedings where necessary [ ] and expressly do not waive it.

(Pet. BIA Br. at 10.)

The BIA rejected Contreras-Banda's argument. In an order issued on February 6, 2007, the BIA found that DHS charged Contreras-Banda as removable, not as inadmissible, after his attempted reentry, and that neither the IJ nor the BIA had jurisdiction over DHS's decision to initiate particular charges in a case, such as this, where the respondent was not paroled into the United States. The BIA concluded that, because Contreras-Banda was charged as admitted and deportable based on a controlled substance conviction, he was

ineligible under AEDPA for a § 212(c) waiver and consequently ineligible for adjustment of status. The BIA dismissed Contreras-Banda's appeal, and he timely filed the instant petition for review on March 2, 2007.

In his brief to this court, Contreras-Banda abandons the argument that he made to the BIA stating that he should be eligible for § 212(c) relief because he should have been charged as inadmissible as an applicant for admission due to his standing as an applicant for adjustment of status. Instead, he pursues the argument that he is eligible for relief because he could only lawfully be charged as inadmissible, as he was an arriving alien seeking admission under §§ 1101(a)(13)(A) and (C)(v), an argument which he expressly reserved, but did not advance, in his brief to the BIA.

## II. STANDARD OF REVIEW

On a petition for review of a BIA decision, we review the BIA's decision and the IJ's decision to the extent that it influenced the BIA. Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). Questions of law are reviewed de novo. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). Factual findings are reviewed for substantial evidence, Mikhael, 115 F.3d at 302, which "requires only that the BIA's decision be supported by record evidence and be substantially reasonable," Omagah v. Ashcroft, 288 F.3d 254, 258 (5th Cir. 2002).

## III. DISCUSSION

The thrust of Contreras-Banda's brief in support of his petition for review and of the government's response probes this court's jurisdiction under 8 U.S.C. §§ 1252(a)(2)(D) and (g) to consider the legality of the removal order based on DHS's charging him as admitted and deportable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(iii) rather than as an arriving alien inadmissible under 8 U.S.C. § 1182(a)(2)(i)(II). However, under § 1252(d)(1), we "may review a final order of removal only if—the alien has exhausted all administrative remedies available to the alien as of right . . . ." Further, "[w]e have emphasized that: 'An

alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA,'" with the exception of constitutional claims. Falek v. Gonzales, 475 F.3d 285, 289, 291 (5th Cir. 2007) (quoting Wang v. Ashcroft, 260 F.3d 448 452–53 (5th Cir. 2001)). And, although the government did not challenge our jurisdiction on this ground, as a federal court of appeals with limited jurisdiction, "[w]e must raise the issue of our appellate jurisdiction sua sponte, if necessary." Said v. Gonzales, 488 F.3d 668, 670–71 (5th Cir. 2007). Contreras-Banda raises no constitutional arguments on appeal, and his statutory arguments are certainly subject to the exhaustion requirement of § 1252(d)(1). Cf. Falek, 475 F.3d at 291.

In Said, we expressly declined to entertain the petitioner's argument that the IJ was biased against the petitioner or engaged in other misconduct because we lacked jurisdiction under § 1252(d)(1), as the petitioner failed to raise the argument below. 488 F.3d at 671 n.3. In Falek, which is closely analogous to the case before us now, the petitioner was an LPR who was charged with inadmissibility under § 1182(a)(2)(A)(i)(I) as an alien seeking admission under § 1101(13) after taking a brief trip to Brazil with his employer. 475 F.3d at 287. The petitioner in Falek argued before the IJ that § 1101(13)(C) had the impermissible retroactive effect of classifying him on his return as an alien "seeking admission" and exposing him to inadmissibility charges that he did not face under the law as it was written at the time of his guilty plea. Id. at 287–88, 291–92. The IJ rejected his retroactivity argument. Id. at 291. However, before the BIA, the petitioner decided not to reurge his retroactivity argument, instead relying on the Supreme Court's decision in St. Cyr, 533 U.S. 289, to establish his eligibility for a § 212(c) waiver. Id. at 288. Consequently, when the petitioner attempted to raise the retroactivity argument on appeal, because we found it to be a statutory argument that the BIA was fully capable of adjudicating, we

dismissed his petition for lack of jurisdiction under § 1252(d)(1) due to the petitioner's failure to exhaust it before the BIA.  Id. at 291–92.

Similarly, in this case, assuming without deciding that Contreras-Banda sufficiently raised the issue by arguing to the IJ that he could only be lawfully charged with inadmissibility under § 1182(a)(2)(A)(i)(II) as an arriving alien seeking admission under §§ 1101(a)(13)(A) and (C)(v) without presenting evidence that he traveled to Mexico as he claimed or that he was detained on the bridge, once the IJ rejected that argument, Contreras-Banda decided not to advance it before the BIA on appeal, expressly stating so in the above-quoted paragraph. Consequently, we do not have jurisdiction to consider his petition for review based on this unexhausted claim.  See § 1252(d)(1).  In so concluding, we express no opinion on Contreras-Banda's other jurisdictional argument that § 1252(g) would not operate to bar our review of his claim that he could only lawfully be charged with inadmissibility as an arriving alien seeking admission and, as such, may be eligible for relief under § 212(c) and the Supreme Court's decision in St. Cyr.

## IV.  CONCLUSION

For the foregoing reasons, we DISMISS Contreras-Banda's petition for review for lack of jurisdiction.