# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2015

Lyle W. Cayce
Clerk

No. 14-60676
Summary Calendar

JOSE ABEL SARABIA-LOPEZ, also known as Abel Sarabia-Lopez,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A090 867 864

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Abel Sarabia-Lopez, a native and citizen of Mexico, petitions this court for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of his motion to subpoena the victim of his deportable offense and the IJ's discretionary denial of his application for a waiver of inadmissibility under former § 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c). Sarabia-Lopez contends that the IJ's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denial of his motion to subpoena the victim violated his statutory and due process right to present evidence, thereby depriving him of a full and fair hearing on his application for § 212(c) relief.  He also contends that the BIA's failure to consider and evaluate his arguments regarding the IJ's refusal to subpoena the victim violated his due process right to a full and meaningful review of his claims.

We must examine our own jurisdiction, whether or not raised by the parties.  *Cadle Co. v. Pratt,* 524 F.3d 580, 584 (5th Cir. 2008).  Judicial review of a final removal order is available only where the alien has exhausted all administrative remedies of right.  8 U.S.C. § 1252(d)(1).  An alien's failure to exhaust an issue before the BIA is a jurisdictional bar to this court's consideration of the issue.  *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001).  "An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA — either on direct appeal or in a motion to reopen."  *Id.* at 452-53.  "This exhaustion requirement applies to all issues for which an administrative remedy is available to a petitioner as of right."  *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009) (internal quotation marks and citation omitted).  "A remedy is available as of right if (1) the petitioner could have argued the claim before the BIA, and (2) the BIA has adequate mechanisms to address and remedy such a claim."  *Id.* at 318-19.  An exception to the exhaustion requirement exists for claims of due process violations, except for procedural errors that are correctable by the BIA.  *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

Although Sarabia-Lopez complained to the BIA that the IJ should have issued the subpoena in question, he did not contend that the IJ's failure to do so violated his due process rights.  This alleged error falls within the type of procedural errors that would have been correctable by the BIA.  *See Roy*, 389

F.3d at 136-37; *Matter of Vergara*, 15 I. & N. Dec. 388 (BIA 1975) (reviewing and rejecting alien's claim that the IJ's refusal to issue a subpoena violated her due process rights). Thus, we lack jurisdiction to review this issue. *See* 8 U.S.C. § 1252(d)(1); *Omari*, 562 F.3d at 318-21; *Wang*, 260 F.3d at 452-53. Similarly, he failed to raise his due process challenge to the BIA's order in a motion to reconsider or reopen; accordingly, we lack jurisdiction to consider the only other issue raised. *Id.*

Accordingly, Sarabia-Lopez's petition for review is DISMISSED for lack of jurisdiction.