**REVISED July 25, 2018**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2018

No. 16-60602

Lyle W. Cayce
Clerk

SANDRA GABRIELA HERNANDEZ-ANDRADE; ARTURO ROBERTO
RAUDALES-HERNANDEZ,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of
the Board of Immigration Appeals
BIA No. A098 285 582
BIA No. A098 285 583

Before ELROD, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Sandra Gabriela Hernandez-Andrade petitions—on behalf of both
herself and her son Arturo Roberto Raudales-Hernandez—for review of an
order of the Bureau of Immigration Appeals (the "BIA") dismissing a motion to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-60602

reconsider her motion to reopen.  Because we lack jurisdiction, the petition for review is dismissed.

I.

Hernandez-Andrade and her son—natives and citizens of Honduras—entered the United States illegally near Eagle Pass, Texas in June 2004.  The Border Patrol briefly detained both and processed them for removal proceedings.  Hernandez-Andrade and her son were personally served with notices to appear charging them with being present in the United States without admission or parole.  Both notices explained that a hearing date would be set later, and Hernandez-Andrade confirmed in writing that she had been advised in Spanish of the consequences of failing to appear.

While detained, Hernandez-Andrade expressed her intention to reside with her sister in North Hills, California, and provided the border patrol with that address.  Approximately one month later, the immigration court sent a notice of hearing to that address via regular mail.  Though the notice of hearing was not returned as undeliverable, Hernandez-Andrade contends that she never received it.  She therefore failed to appear for proceedings before the immigration court and was ordered removed in absentia.

About 11 years later, in 2015, Hernandez-Andrade filed a motion to reopen removal proceedings, contending that she would have appeared at her immigration hearing had she received notice.  The immigration judge denied Hernandez-Andrade's motion to reopen in a written decision and the BIA affirmed.  This petition for review followed.

II.

We have jurisdiction to "review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). *See also Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001).  "Petitioners fail to exhaust their administrative remedies as to an

No. 16-60602

issue if they do not first raise the issue before the BIA, either on direct appeal or in a motion to reopen." *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009).

### III.

Before this Court, Hernandez-Andrade claims that ordering her removal in absentia violated her due process rights. But Hernandez-Andrade never presented a due process argument to the BIA. Rather, she argued that the immigration judge erred in concluding that she received proper notice of the removal hearing based on the evidence presented and that the BIA should exercise its sua sponte authority to reopen proceedings.

This failure is fatal to our jurisdiction. While not presenting constitutional claims to the BIA may be excused, *see Contreras-Banda v. Mukasey*, 283 F. App'x 300, 303 (5th Cir. 2008), that is not true when "a petitioner seeks to raise a claim not presented to the BIA and the claim is one that the BIA has adequate mechanisms to address and remedy." *Roy v. Ashcroft*, 389 F.3d 132, 137 (2004) (quoting *Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 (5th Cir. 2001)). Here, although Hernandez-Andrade's argument "is couched in terms of due process, it actually concerns 'procedural error correctable by the BIA.'" *Roy*, 389 F.3d at 137 (quoting *Anwar v. INS*, 116 F.3d 140, 144 n.4 (5th Cir. 1997)).

Hernandez-Andrade claims only that she was deprived of a full and fair hearing because she did not receive notice, but the BIA could have granted her motion to reopen—thus curing any alleged due process violation that occurred. *See, e.g., id.*; *Sarabia-Lopez v. Lynch*, 623 F. App'x 720, 721 (5th Cir. 2015). Therefore, Hernandez-Andrade's petition is non-exhausted and we lack jurisdiction.[1]

---

[1] It is difficult to see how Hernandez-Andrade could succeed on her due process arguments even if we had jurisdiction. We have repeatedly held that "there is no liberty interest at stake in a motion to reopen due to the discretionary nature of the relief sought,"

3

No. 16-60602

IV.

Hernandez-Andrade's Petition for Review is **DISMISSED**.

---

and have done so even "assuming *arguendo* . . . that [the petitioner] could establish that he was eligible for relief." *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 205 (5th Cir. 2017) (quoting *Gomez-Palacios v. Holder*, 560 F.3d 354, 361 n.2 (5th Cir. 2009) (collecting cases)).